Jonathan A. Winter
St. Onge Steward Johnston & Reens LLC
986 Bedford St
Stamford CT 06905
jwinter@ssjr.com
(203) 324-6155
*Attorneys for Plaintiff,*
*Black Widow Termite &*
*Pest Control Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BLACK WIDOW TERMITE & PEST CONTROL CORP.,<br><br>  Plaintiff,<br><br>vs.<br><br>BLACK WIDOW PEST SPECIALIST LLC,<br><br>  Defendant. | Civil Action No.: 3:23-cv-01246<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Black Widow Termite & Pest Control Corp. ("Black Widow Plaintiff"), through its counsel, and for its complaint against Black Widow Pest Specialist LLC ("Black Widow Defendant"), says:

### Nature of the Action

1.  This is an action for trademark infringement and unfair competition stemming from Black Widow Defendant's unlawful and unauthorized misappropriation of Black Widow Plaintiff's federally registered trademarks, common law marks, and goodwill. Such acts have injured Black

Widow Plaintiff's business and goodwill, and unless restrained by this Court will continue to so damage Black Widow Plaintiff.

## PARTIES

2. Black Widow Termite & Pest Control Corp. is a New York corporation having offices at 112 Meeting House Road, Suite B, Bedford Corners, New York 10549 ("Black Widow Plaintiff" or "Plaintiff").

3. Upon information and belief, Black Widow Pest Specialist LLC is a Connecticut corporation having offices at either 108 Custis Street, Naugatuck, Connecticut 06770, see Exhibit A, or 108 Curtiss Street, Naugatuck, Connecticut 06770, see Exhibit B ("Black Widow Defendant" or "Defendant").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, and 1338.

5. This Court has supplemental jurisdiction over the claims of this Complaint that arise under the statutory and common law of the State of Connecticut pursuant to 28 U.S.C. §1367 since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Plaintiff has been damaged and/or will be damaged in an amount in excess of $75,000 and Plaintiff and Defendant are artificial entities organized in different states.

7. Upon information and belief, Black Widow Defendant resides in this district, transacts business in this District, has committed acts in this District, derives substantial revenue from intrastate and interstate commerce related to this District, has caused injury in this District, and is,

and has been at all relevant times, subject to personal jurisdiction in the State and District of Connecticut.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District, including, without limitation, Black Widow Defendant's infringing advertising and sales.

### Black Widow Termite & Pest Control Corp.

9. Rita Bonamo-Geiger has been involved in the pest control industry since 1995.

10. Ms. Bonamo-Geiger is a graduate of the NYC DOHMH Rodent Control Academy.

11. In 2003, Ms. Bonamo-Geiger proudly founded Black Widow Plaintiff which is a certified Women Business Enterprise under New York New Jersey Port Authority, New York City School Construction Authority, New York City Small Business Services, and Empire State Development.

12. Black Widow Plaintiff has obtained the following Commercial Pest Control Licenses in the State of New York:

   a. 3A – Turf & Ornamental

   b. 5A - Aquatic Vegetation Control;

   c. 7A - Structural & Rodent Control;

   d. 7B – Fumigation;

   e. 7C – Termite;

   f. 7F – Food Processing; and,

   g. 8 - Public Health Pest Control.

13. In 2007, Black Widow Plaintiff added bird and rodent exclusion to its list of offerings.

14. Black Widow Plaintiff also has a certified Nuisance Wildlife Control Operator on staff, authorizing Black Widow Plaintiff to trap, transport, and release wildlife whenever the animal becomes a nuisance, destroys property, or threatens public safety.

15. From its humble beginnings, Black Widow Plaintiff has grown to become one of New York's premier pest control providers, operating in all five boroughs of New York City as well as throughout the State.

16. In all, Black Widow Plaintiff has over 1,000 customers.

17. Black Widow Plaintiff employs 19 individuals including four office/administrative personnel, and 15 field technicians.

18. In addition to providing excellent service utilizing pesticides, Black Widow Plaintiff is well known for its "Green" approach to pest control, often focusing initially, or even solely, on deep cleaning techniques such as HEPA filter vacuuming, steam cleaning, sealing cracks and crevices, and cleaning with products containing essential oils such as Murphy's Oil soap.  These techniques not only keep their clients healthy, but often reduce costs.

19. Black Widow Plaintiff's advertising includes its www.blackwidowpestcontrol.com website, which is available to potential customers in all 50 states, including Connecticut.

20. Black Widow Plaintiff also advertises extensively through BOMA, the Building Owners & Managers Association of Greater New York.  BOMA is part of BOMA International, the world's largest trade association.  Many of BOMA's members reside in or operate businesses out of the tri-state area of New York, New Jersey, and Connecticut.

21. These efforts, and the quality of Black Widow Plaintiff's services, have caused the **BLACK WIDOW** and **BLACK WIDOW**-formative marks to become well known throughout the

tri-state area of New York, New Jersey, and Connecticut as being associated with Black Widow Plaintiff.

22. Black Widow Plaintiff has customers – including managers of New York State commercial buildings – residing or operating businesses out of each of New York, New Jersey, and Connecticut.

23. Black Widow Plaintiff's offices in Bedford Corners are located approximately 7 miles from the Connecticut border, mere minutes from its Connecticut customers.

24. As recent as February/March 2022, Black Widow Plaintiff conducted a walk-through and provided bids on a commercial pest project for a building owner/operator located in Connecticut.

### Black Widow Termite & Pest Control Corp.'s Marks

25. Black Widow Plaintiff is the owner of U.S. Trademark Registration No. 4,582,084 for the **BLACKWIDOWPEST** mark for "termite and pest control" in International Class 037 ("the '084 Registration").  A copy of the Certificate of Registration for the '084 Registration is provided in Exhibit C.

26. Black Widow Plaintiff is the owner of U.S. Trademark Registration No. 4,624,108 for the **BLACK WIDOW** mark for "termite and pest control" in International Class 037 ("the '108 Registration").  The '108 Registration has been deemed incontestable by the Untied States Patent and Trademark Office.  A copy of the Certificate of Registration for the '108 Registration is provided in Exhibit D.

27. Black Widow Plaintiff is the owner of U.S. Trademark Registration No. 4,624,109 for the **BLACK WIDOW TERMITE & PEST CONTROL CORP. - "SHE ALWAYS GETS HER PREY!"** mark for "termite and pest control" in International Class 037 ("the '109 Registration").

The '109 Registration has been deemed incontestable by the United States Patent and Trademark Office. A copy of the Certificate of Registration for the '109 Registration is provided in Exhibit E.

28. These registrations authorize Black Widow Plaintiff to legally prevent others from using the same or similar trademarks for related goods or services without permission, throughout the entire United States and its territories, including Connecticut.

29. Black Widow Plaintiff is also the owner of U.S. Trademark Application No. 98/124,482, for the **BLACK WIDOW** mark, for "Pest control for commercial buildings; Pest control for residential homes; Termite and pest control services, other than for agriculture, aquaculture, horticulture and forestry" in International Class 037 ("the '482 Application"). The '482 Application is currently pending before the United States Patent and Trademark Office and has acquired secondary meaning and/or distinctiveness.

30. Black Widow Plaintiff has also derived common law rights in the **BLACK WIDOW** and **BLACK WIDOW**-formative marks for pest control selanhamrvices based on its continued use of the marks in association with such services starting in 2003.

31. Collectively, the aforementioned marks are referred to herein as "The **BLACK WIDOW** Marks." Black Widow Plaintiff continues to use The **BLACK WIDOW** Marks in the pest control industry in the tri-state area of New York, New Jersey, and Connecticut and the **BLACK WIDOW** Marks have acquired secondary meaning and/or distinctiveness.

### Black Widow Pest Specialist LLC's Activities

32. Upon information and belief, the Black Widow Defendant was just founded in June of 2021.

33. Upon information and belief, Black Widow Defendant offers and provides pest control services at least in and around Naugatuck, Connecticut.

34. Black Widow Defendant operates under the **BLACK WIDOW** mark, or under marks inclusive of the term "black widow," all of which are confusingly similar to The **BLACK WIDOW** Marks.

35. Black Widow Plaintiff first learned of Black Widow Defendant's use of The **BLACK WIDOW** marks, or marks confusingly similar to The **BLACK WIDOW** Marks, in late 2022/early 2023, when Black Widow Plaintiff began receiving telephone calls from customers seeking Black Widow Defendant.

36. Many of these customers asked for Blake Black, who upon information and belief is the owner of Black Widow Defendant.

37. In the period of time between July 7, 2023, and September 11, 2023, there have been nearly 20 documented instances of actual confusion, where customers seeking Black Widow Defendant have telephoned Black Widow Plaintiff.

38. At times these callers have become irate on the mistaken belief that directory services lists Black Widow Plaintiff as being in Connecticut.

39. Upon information and belief if Black Widow Plaintiff has received calls of this nature, Black Widow Defendant has also received calls from customers or potential customers where said individuals believed they were calling Black Widow Plaintiff and not Black Widow Defendant and such calls have, on information and belief, allowed Black Widow Defendant to obtain sales leads and eventual sales it would not be able to do without use and infringement of the **BLACK WIDOW** Marks.

40. In August 2023, Black Widow Plaintiff, through counsel, wrote to Black Widow Defendant in an effort to curtail its use of The **BLACK WIDOW** marks and marks confusingly similar to The **BLACK WIDOW** Marks.  Black Widow Plaintiff provided a proverbial olive branch in its

request, stating "Black Widow is sympathetic to the costs associated with this demand – both financial and emotional – and is foregoing an immediate injunction and damages at this time in exchange for your prompt acquiescence."

41. Through its counsel, Black Widow Defendant responded with correspondence stating unequivocally, and in bold for apparent emphasis, that "**My Client <u>WILL NOT</u> Cease or Desist using Black Widow in conjunction with My Client's current or future businesses or its/their promotion, including, but not limited to, pest control services**." (internal quotations omitted.)

42. Instances of actual confusion are becoming more prominent and accordingly, more demanding on Black Widow Plaintiff's resources and goodwill.

43. Black Widow Defendant's unauthorized use of the **BLACK WIDOW** Mark, and marks confusingly similar to The **BLACK WIDOW** Marks, creates a likelihood of confusion in the marketplace, continues to cause actual confusion in the marketplace, and is likely to cause additional confusion and deceive the relevant consuming public.

44. Black Widow Defendant's unauthorized use of The **BLACK WIDOW** Marks, and marks which are confusingly similar to The **BLACK WIDOW** Marks, falsely indicates to the consuming public that Black Widow Defendant's activities are associated, affiliated, or connected with Black Widow Plaintiff, or are sponsored or endorsed thereby.

45. Black Widow Defendant's use of The **BLACK WIDOW** Marks and marks which are confusingly similar to The **BLACK WIDOW** Marks trades off the goodwill established by Black Widow Plaintiff, and permits Black Widow Defendant to benefit from such goodwill.

46. Black Widow Defendant's unauthorized use of The **BLACK WIDOW** Marks and marks which are confusingly similar to The **BLACK WIDOW** Marks denies Black Widow Plaintiff the

ability to control the nature and quality of the services provided under its marks, and places Black Widow Plaintiff's valuable goodwill in the hands of Black Widow Defendant.

47. Black Widow Defendant has been unjustly enriched by its use of The **BLACK WIDOW** Marks and marks which are confusingly similar to The **BLACK WIDOW** Marks.

48. Despite notice of Black Widow Plaintiff's rights, Black Widow Defendant has not ceased nor desisted from its wrongful conduct, and indeed has continued to infringe upon the exclusive rights of Black Widow Plaintiff.

49. Unless restrained by this Court, these acts will continue and will cause irreparable injury to Black Widow Plaintiff and the general public for which there is no adequate remedy at law.

## COUNT I
## §32 OF THE LANHAM ACT

50. Black Widow Plaintiff re-alleges and incorporates by reference herein the previous allegations contained in this Complaint.

51. Black Widow Plaintiff's federal trademark registrations, the '084 Registration, the '108 Registration, and the '109 Registration ("the Registrations"), are conclusive evidence of Black Widow Plaintiff's exclusive right to use the marks identified in the Registrations, pursuant to the Lanham Act, 15 U.S.C. §1115.

52. Black Widow Defendant's wrongful reproduction, counterfeit, copy, or colorable imitation of the Registrations, in connection with the sale, offering for sale, distribution, and/or advertising of services, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Black Widow Defendant's services in violation of the Lanham Act, 15 U.S.C. §1114 et seq.

53. The infringing acts committed by Black Widow Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of Black Widow Plaintiff's rights.

54. Unless enjoined by this Court, such acts will continue to damage Black Widow Plaintiff and the consuming public.

55. Upon information and belief, Black Widow Defendant's conduct, including continued infringement after notice, constitutes willful and malicious infringement of Registrations under 15 U.S.C. §1114, rendering this case "exceptional under 15 U.S.C. §1117.

56. Black Widow Plaintiff has no adequate remedy at law.

## COUNT II
## §43(a) OF THE LANHAM ACT

57. Black Widow Plaintiff realleges and incorporates by reference herein the previous allegations contained in this Complaint.

58. The **BLACK WIDOW** Marks are well established and serve to identify the services that Black Widow Plaintiff sponsors, approves, authorizes, and is associated or affiliated with.

59. The **BLACK WIDOW** Marks have acquired distinctiveness and secondary meaning in connection with the services, including pest control services.

60. Black Widow Defendant has actual knowledge of The **BLACK WIDOW** Marks and is aware of the advertising and promotional activities of Black Widow Plaintiff.

61. Black Widow Defendant continues to use, and has expressed no desire to cease using, The **BLACK WIDOW** Marks, or colorable imitations thereof, in advertising and promotion of Black Widow Defendant's goods.

62. Such uses are likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Black Widow Plaintiff with Black Widow Defendant, and as to the

origin, sponsorship, or approval of Black Widow Defendant's services and commercial activities by Black Widow Plaintiff, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

63. Such uses constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

64. Black Widow Defendant's conduct represents a conscious and intentional effort to misappropriate Black Widow Plaintiff's goodwill for the purpose of unjustly enriching Black Widow Defendant, and unless restrained by this Court will continue to do so.

65. Black Widow Plaintiff has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

66. Black Widow Plaintiff realleges and incorporates by reference herein the previous allegations contained in this Complaint.

67. The aforesaid acts of Black Widow Defendant constitute common law trademark infringement contrary to the common laws of the United States and the State of Connecticut.

68. Black Widow Plaintiff is the owner of common law rights to the **BLACK WIDOW** Marks in Connecticut and these rights are senior and superior to that of Defendant.

69. The infringement by Black Widow Defendant is continuous, deliberate, malicious, willful, knowing, and done in conscious disregard of Black Widow Plaintiff's rights.

70. The aforesaid conduct of Black Widow Defendant has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to Black Widow Plaintiff.

71. Black Widow Defendant's infringement has caused Black Widow Plaintiff to sustain monetary damage, loss, and injury in an amount to be determined.

72. Black Widow Plaintiff has no adequate remedy at law.

## COUNT IV
## UNFAIR COMPETITION UNDER CONNECTICUT UNFAIR TRADE PRACTICES ACT (CUTPA) Conn. Gen. Stat. Section 42 Chapter 735a

73. Black Widow Plaintiff realleges and incorporates by reference herein the previous allegations contained in this Complaint.

74. Black Widow Defendant's unauthorized use of The **BLACK WIDOW** Marks or colorable imitations thereof in its advertising and other promotions constitutes acts of unfair and deceptive acts in the conduct of trade/commerce through its appropriation for its own use Black Widow Plaintiff's name, brand, trademark, reputation, and goodwill in violation of Conn. Gen. Stat. Sec. 42-110a et. seq.

75. These acts of Black Widow Defendant are continuous, deliberate, malicious, willful, knowingly, and done in conscious disregard of Black Widow Plaintiff's rights.

76. The aforesaid conduct of Black Widow Defendant has caused, and unless retrained by this Court will continue to cause, immediate and irreparable injury to Black Widow Plaintiff.

77. Black Widow Plaintiff has no adequate remedy at law.

## COUNT V
## DECEPTIVE TRADE PRACTICES UNDER CONNECTICUT COMMON LAW

78. Black Widow Plaintiff realleges and incorporates by reference herein the previous allegations contained in this Complaint.

79. Black Widow Defendant's unauthorized use of The **BLACK WIDOW** Marks or colorable imitations thereof in advertising constitutes deceptive trade practices in violation of the common law of the State of Connecticut.

80. Black Widow Defendant's acts were and are committed willfully, knowingly, maliciously, and in conscious disregard of Black Widow Plaintiff's rights.

81. Black Widow Defendant's acts have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Black Widow Plaintiff's property and business.

82. Black Widow Plaintiff has no adequate remedy at law.

## COUNT VI
## CYBERSQUATTING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(d)

83. Black Widow Plaintiff realleges and incorporates by reference herein the previous allegations contained in this Complaint.

84. Black Widow Plaintiff's **BLACK WIDOW** Marks are distinctive, and were distinctive before the registration and use of Black Widow Defendant's infringing domain name, e.g, blackwidowct.com and any similar domain Black Widow Defendant has used/registered (the "Infringing Domain Names").

85. Black Widow Defendant has registered, trafficked in and/or used the Infringing Domain Names, which are almost identical to, and are confusingly similar to, and/or dilutive of the **BLACK WIDOW** Marks insofar as they merely add the generic geographic locator "ct".

86. Black Widow Defendant has engaged in a pattern of bad faith conduct including registering the Infringing Domain Names in bad faith and continuing to use said domains having notice of Black Widow Plaintiff's marketing, brand and/or trademark rights.

87. Black Widow Defendant's use of the Infringing Domain Names has, upon information and belief, at all times been an intentional and willful attempt to profit, in bad faith, from the **BLACK WIDOW** Marks.

88. Black Widow Plaintiff is damaged by such wrongful registration and use of the Infringing Domain Names, continues to be damaged, in violation of its valuable trademark rights.

89. As a direct and proximate result of such conduct, Black Widow Plaintiff has suffered and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

## PRAYERS FOR RELIEF

**WHEREFORE**, Black Widow Plaintiff respectfully requests that this Court:

A. Enter judgment that Black Widow Defendant has violated 15 U.S.C. §1114 and/or 15 U.S.C. §1125(a) and (d).

B. Award preliminary and permanent injunction under 15 U.S.C. §1116(a), ordering Black Widow Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, The **BLACK WIDOW** Marks or colorable imitations thereof in association with the offering for sale, sale, and/or advertising of pest control services, and to file with the Court and serve on Black Widow Plaintiff within thirty (30) days of service on Black Widow Defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which Black Widow Defendant has complied with the injunction.

C. Award preliminary and permanent injunction under 15 U.S.C. §1116(a) ordering Black Widow Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing, any terms or phrases that are confusingly similar to The **BLACK WIDOW** Marks in association with the offering for sale, sale, and/or advertising of pest control services.

D.      Award damages to Black Widow Plaintiff as provided under 15 U.S.C. §1117(a), including Black Widow Defendant's profits, three times the actual damages sustained by Black Widow Plaintiff, and reasonable attorney's fees to Black Widow Plaintiff as the prevailing party, and/or if the Court shall find that the amount of recovery based on profits is inadequate, to award in its discretion a sum the Court finds just, according to the circumstances of this case.

E.      Order that, pursuant to 15 U.S.C. §1118, all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Black Widow Defendant, bearing any of The **BLACK WIDOW** Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof and all plates, molds, matrices, and other means of making or reproducing the same be delivered up to Black Widow Plaintiff and destroyed.

F.      Order the transfer of the Infringing Domains to Plaintiff.

G.      Enter judgment that Black Widow Defendant has violated the Connecticut Unfair Trade Practices Act and/or Connecticut common law.

H.      Award to Black Widow Plaintiff compensatory, consequential, and/or incidental damages.

I.      Award to Black Widow Plaintiff treble, exemplary, and/or punitive damages.

J.      Award to Black Widow Plaintiff its reasonable attorney's fees and costs.

K.      Award prejudgment and post judgment interest on the above monetary awards.

L.      Provide such other relief as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Black Widow Termite & Pest Control Corp. demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 22, 2023

/s/Jonathan A. Winter
Jonathan A. Winter
St. Onge Steward Johnston & Reens LLC
986 Bedford St
Stamford CT 06905
jwinter@ssjr.com
(203)324-6155
*Attorneys for Plaintiff,*
*Black Widow Termite &*
*Pest Control Corp.*