# Exhibit O

|  |  |
|---|---|
| ESTTA Tracking number: | ESTTA1380063 |
| Filing date: | 08/27/2024 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Petition for Cancellation

Notice is hereby given that the following party has filed a petition to cancel the registration indicated below.

## Petitioner information

| Name | Black Widow Pest Specialist LLC | | |
|---|---|---|---|
| Entity | Corporation | Incorporated or registered in | Connecticut |
| Address | 108 CURTISS ST<br>NAUGATUCK, CT 06770<br>UNITED STATES | | |

| Attorney information | EMILIO A. ESTRELLA TERON<br>COHEN AND WOLF, P.C.<br>1115 BROAD ST<br>BRIDGEPORT, CT 06604<br>UNITED STATES<br>Primary email: eestrella@cohenandwolf.com<br>Secondary email(s): wcarroll@cohenandwolf.com, ahoffman@cohenandwolf.com<br>2033680211 |
|---|---|
| Docket no. |  |

## Registration subject to cancellation

| Registration no. | 7466919 | Registration date | 08/06/2024 |
|---|---|---|---|
| Register | Principal | | |
| Registrant | Black Widow Termite & Pest Control Corp.<br>112 MEETING HOUSE RD. STE. B<br>BEDFORD CORNERS, NY 10549<br>UNITED STATES | | |

## Goods/services subject to cancellation

Class 037. First Use: Apr 30, 2008 First Use In Commerce: Apr 30, 2008
All goods and services in the class are subject to cancellation, namely: Pest control for commercial buildings; Pest control for residential homes; Termite and pest control services, other than for agriculture, aquaculture, horticulture and forestry

## Grounds for cancellation

| The mark is merely descriptive | Trademark Act Sections 14(1) and 2(e)(1) |
|---|---|
| The mark is or has become generic | Trademark Act Section 14(3) |
| No use of mark in commerce before application, amendment to allege use, or statement of use was due | Trademark Act Sections 14(1) and 1(a), (c), and (d) |
| The mark is not inherently distinctive and has not acquired distinctiveness | Trademark Act Sections 14(1) and 1,2 and 45; and Section 2(f) |

| Fraud on the USPTO | Trademark Act Section 14(3); In re Bose Corp., 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009) |
|---|---|
| Other | Application made in bad faith to stifle competition |

| Attachments | 2024-8-27 Petition for Cancellation F.pdf(69286 bytes ) |
|---|---|

| Signature | /EAET/ |
|---|---|
| Name | Emilio A Estrella Teron |
| Date | 08/27/2024 |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In Re: Trademark Registration No: **7466919**
For the mark: **BLACK WIDOW**
Date registered: **Aug. 06, 2024**

### BLACK WIDOW PEST SPECIALIST LLC, <u>PETITIONER</u>

    **v.**

### BLACK WIDOW TERMITE & PEST CONTROL CORP., <u>REGISTRANT</u>

### <u>PETITION FOR CANCELLATION – 309.03(a)(2) STATEMENT</u>

The Petitioner believes that it is and will be damaged by the above-identified registration and hereby petitions the U.S. Trademark Trial and Appeal Board to cancel the same pursuant to 15 U.S.C. § 1064. As grounds for cancellation, the Petitioner represents the following:

### <u>FACTS COMMON TO ALL COUNTS</u>

1. Black Widow Pest Specialist LLC ("Petitioner") is a Connecticut limited liability company with a principal place of business at 108 Curtiss St., Naugatuck, Connecticut.

2. Upon information and belief, Black Widow Termite & Pest Control Corp. ("Registrant") is a New York corporation with an office at 112 Meeting House Road, Suite B, Bedford Corners, New York 10549.

3. Petitioner has used the name "Black Widow Pest Specialist" in Connecticut in connection with pest control services since 2021, and has been registered with the Connecticut Secretary of State since June 7, 2021.

4.  Registrant is the owner of U.S. Trademark Registration No. 4,582,084 (the "'084 Registration") for the mark "BLACKWIDOWPEST", which is registered on the supplemental register.

5.  Registrant is the owner of U.S. Trademark Registration No. 4,624,108 (the "'108 Registration"), which is a design mark. The '108 Registration explicitly states: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'BLACK WIDOW', APART FROM THE MARK AS SHOWN."

6.  Registrant is the owner of U.S. Trademark Registration No. 4,624,109 (the "'109 Registration"), which is a design mark. The '109 Registration explicitly states: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'BLACK WIDOW TERMITE & PEST CONTROL CORP.', APART FROM THE MARK AS SHOWN."

7.  On August 9, 2023, Registrant filed Trademark Application No. 98/124,482 (the "'482 Application") for the word mark "BLACK WIDOW" for "Pest control for commercial buildings; Pest Control for residential homes; Termite and pest control services, other than for agriculture, aquaculture, horticulture and forestry."

8.  One day later, on August 10, 2023, Registrant sent Petitioner a cease-and-desist letter alleging that Petitioner was infringing on Plaintiff's trademarks.

9.  The '482 Application registered on August 6, 2024, bearing registration number 7,466,919 (the "'919 Registration").

**COUNT ONE – The BLACK WIDOW mark is or has become generic.**

1.  The term "Black Widow" refers to a "a venomous New World spider (Latrodectus mactans of the family Theridiidae) the female of which is black with an hourglass-shaped red mark on the underside of the abdomen, or broadly any of various related venomous spiders that

have a large globular, usually glossy, dark abdomen often marked with red and long and wiry legs. Merriam-Webster. (n.d.). Black widow. In *Merriam-Webster.com dictionary*. Retrieved August 27, 2024, from https://www.merriam-webster.com/dictionary/black%20widow.

2. The term "Black Widow" in connection with pest control services is not inherently distinctive, and the '919 mark has not yet reached incontestability.

3. Multiple species of black widow spider are present in the Registrant's home state of New York, Petitioner's home state of Connecticut, and throughout the mainland United States. Because these spiders are dangerous to humans, hundreds of businesses across the United States provide black widow pest removal services.

4. Upon information and belief, there exist several entities across the United States using the term "Black Widow" in commerce for substantially the same services as those claimed in the '919 Registration, including but not limited to: Black Widow Pest Control Inc, Indianapolis, IN; Black Widow Pest Control, Loveland, CO; Black Widow Pest Control, Fort Collins, CO; Black Widow Pest Control, Windsor, CO; Black Widow Pest Control, Timnath, CO; Black Widow Pest Control, Johnstown, CO; Black Widow Pest Control, West Jordan, UT.

5. Upon information and belief, several entities in the United States use the term "Black Widow" in the context of pest control services merely as a description of said services, including but not limited to "*Expert Black Widow Control Services*" used by EcoGuard Pest Management in CA, OR, WA, TN, and NV; "*Black Widow Control*" used by Senske Services in CO, ID, OR, UT, and WA. "*Black Widow Spider Pest Control Service*" used by Ortex Systems in TN and AL.

6. The term "Black Widow" is or has become a generic term as evidenced by extensive use in the pest control business. The Registration should therefore be cancelled pursuant to 15 U.S.C. § 1064(3).

**COUNT TWO – The BLACK WIDOW Mark is merely descriptive.**

1-5.    The Petitioner incorporates paragraphs 1-5 of COUNT ONE as paragraphs 1-5 of COUNT TWO as if fully set forth herein.

6.    The term "Black Widow" in connection with pest control services merely descriptive of the services provided, as it is directly related to the services offered. The '919 Registration should therefore be cancelled pursuant to 15 U.S.C. § 1064(3).

**COUNT THREE – The BLACK WIDOW mark is not inherently distinctive and has not acquired distinctiveness.**

1-5.    The Petitioner incorporates paragraphs 1-5 of COUNT ONE as paragraphs 1-5 of COUNT THREE as if fully set forth herein.

6.    The '919 Registration relied upon a claim of acquired distinctiveness under Section 2(f). The '482 Application represented to the USPTO that "The mark has become distinctive of the goods/services as evidenced by the ownership on the Principal Register for the same mark for sufficiently similar goods/services of active U.S. Registration No(s). 4624108, 4624109."

7.    The '108 and '109 Registrations are both design marks, of which the words "Black Widow" are merely one component. Both Registrations explicitly disclaimed exclusive use of the term "BLACK WIDOW."

8.    Registrant provided no additional evidence regarding the duration, extent and nature of use of the mark, consumer data, or other supporting evidence to demonstrate acquired distinctiveness as it relates to the Registrant's business. *See Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1583 (Fed. Cir. 1988).

9.    Registrant has provided no evidence that the mark has acquired secondary meaning in interstate commerce. It has not shown any efforts to associate the term with its business beyond

its geographic boundaries. The very specimen it provided in support of the '482 Application includes several geographic identifiers and limits services to New York.

10.    Because the mark is not inherently distinctive and the Registrant has not sufficiently demonstrated that the mark has acquired distinctiveness in relation to its business, the '919 registration must be cancelled.

**COUNT FOUR – The '919 Registration was made in bad faith to stifle competition.**

1.    The Registrant filed the '482 Application on August 9, 2023.

2.    Just one day later, on August 10, 2023, Registrant sent Petitioner a cease-and-desist letter alleging that Petitioner was infringing on Plaintiff's trademarks, and cited the pending '482 Application.

3.    The Petitioner has continuously operated its business, which provides services substantially similar to those offered by the Petitioner, since as early as June 2021.

4.    The Petitioner (as well as numerous other entities across the United States) have employed the "Black Widow" term extensively before the '482 Application was filed, as they were entitled to do in light of Registrant's express disclaimers. Petitioner's use was not challenged until August, 2023.

5.    Numerous other entities use the term "Black Widow" in connection with substantially identical services across the United States, yet, upon information and belief, only the Petitioner has been targeted.

6.    Because the Registrant only sought to acquire the BLACK WIDOW mark in an effort to stifle Petitioner's business, in bad faith, '919 registration must be cancelled.

**COUNT FIVE – The BLACK WIDOW mark was not used in interstate commerce before the Application was filed.**

1. The Registrant has not demonstrated active use in interstate commerce. *See* 15 U.S.C. §1051(a).

2. In support of the '482 Application, the Registrant provided an image from its website as a specimen to show active use in interstate commerce (the "'482 Specimen").

3. The '482 Specimen clearly demonstrates that the Registrant only provides services in New York—it includes language such as "Servicing New York City" and "Premier Termite and Pest Control for New York City." Upon information and belief, the Registrant is licensed to perform pest control services exclusively in New York.

4. Because the Registrant has not demonstrated use of the mark in interstate commerce, and willfully misrepresented the same to the USPTO, the '919 registration must be cancelled.

**COUNT SIX – The deliberate misrepresentations made within the '482 Application constitute fraud on the USPTO.**

1-3. The Petitioner incorporates paragraphs 1-3 of COUNT FIVE as paragraphs 1-3 of COUNT SIX as if fully set forth herein.

4. When the Registrant filed the '482 Application, it represented to the USPTO that it had been using the BLACK WIDOW mark in interstate commerce as early as 2003. The Registrant knew this to be false when it made that representation to the USPTO.

5. But for those misrepresentations, the '482 Application would have been rejected.

6. The Registrant willfully and deliberately misrepresented facts to secure registration of the '482 Application.

7. The willfulness of Registrant's misrepresentations constitutes fraud upon the USPTO.

|  |  |
|---|---|
| By: | /s Ari J. Hoffman |
|  | Ari J. Hoffman, Esq. |
|  | Wilson T. Carroll, Esq. |
|  | Emilio A. Estrella Terón, Esq. |
|  | COHEN AND WOLF, P.C. |
|  | 1115 Broad Street |
|  | Bridgeport, CT 06604 |
|  | Tel. No. (203) 368-0211 |
|  | ahoffman@cohenandwolf.com |
|  | wcarroll@cohenandwolf.com |
|  | eestrella@cohenandwolf.com |
|  | Juris No. 010032 |