# Exhibit P

Hubert W. Pfabé
Armory Legal Group, PLLC
2025 Main St., #93
Cavendish, VT 05142
hpfabe@armorylegalgroup.com
(860) 698-0070
*Attorney for the Defendant,*
*Black Widow Pest Specialist LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BLACK WIDOW TERMITE & PEST CONTROL CORP., ) ) ) | |
|     Plaintiff, ) ) | CIVIL ACTION NO. 3:23-cv-01246 |
| v. ) ) | |
| BLACK WIDOW PEST SPECIALIST LLC, ) ) ) | |
|     Defendant. ) ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 1-24

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Black Widow Pest

Specialist LLC ("Defendant"), by and through undersigned counsel, hereby states its responses

and objections to Plaintiff's First Set of Interrogatories Nos. 1-24 ("Interrogatories") as follows:

## RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1

Identify the person who has the most comprehensive knowledge concerning Defendant's use of

Defendant's Marks.



PLAINTIFF'S
EXHIBIT
34
9-24-24

**Response:**

Blake-Joseph Black, also identified as Blake Black, owner, Black Widow Pest Specialist LLC


## INTERROGATORY NO. 2

Identify the persons who are likely to have personal knowledge of any fact alleged by Defendant in the pleadings of this proceeding, or any fact to be used to support any allegation of Defendant in this proceeding, and state the subject matter of the personal knowledge possessed by each such person.

**Response:**

Defendant objects to this interrogatory. Defendant objects to this question as premature. Defendant has not completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Defendant reserves the right to supplement these responses at trial. Subject to that objection, Defendant has a good faith belief that the following individuals are likely to have relevant personal knowledge:

Robert Scribner: information regarding and/or relevant to appropriate industry marketplace, consumer awareness, reputations, common law related facts, and trade practices.

Don Peronace: information regarding and/or relevant to appropriate industry marketplace, consumer awareness, reputations, common law related facts, and trade practices.

Russell Sieb: information regarding and/or relevant to appropriate industry marketplace, consumer awareness, reputations, common law related facts, and trade practices.

Jim Horton: information regarding and/or relevant to appropriate industry marketplace, consumer awareness, reputations, common law related facts, and trade practices.

Drew Cowley: information regarding and/or relevant to appropriate industry marketplace, consumer awareness, reputations, common law related facts, and trade practices.

## INTERROGATORY NO. 3

Describe in detail the circumstances surrounding Defendant's decision to adopt and use Defendant's Marks.

**Response:**

Defendant objects to this interrogatory. Calling for information or "circumstances" "surrounding" a particular topic is unduly burdensome, overly broad, and out of proportion to the information's potential relevance. Subject to this objection, Defendant responds that Defendant came up with the name after extensive thought on business names that would make the most sense with his last name, "Black", while not creating any negative connotations, sense of appropriation, or offense to persons of color. Additionally, Defendant wished to honor his mother with the business and business name. Defendant's mother had been running a group for widows and widowers for a number of years. Further, a "black widow" is a common pest, and thus seemed like an appropriate name for a business specializing in removing pests.

## INTERROGATORY NO. 4

Describe in detail the trademark searches, trademark clearances, or other inquiries conducted by Defendant or on behalf of Defendant concerning the use or registration of Defendant's Marks.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks disclosure or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity. Subject to that objection, Defendant did not personally research the name at the time of business creation. Further subject to that objection, Defendant received a clearance opinion from an attorney prior to incorporating Defendant's business, though said clearance opinion was not provided in writing.

## INTERROGATORY NO. 5

If Defendant contends that it has used Defendant's Marks in interstate commerce as defined in Trademark Manual of Examining Procedure ("TMEP") §903.02, describe in detail the circumstances and extent of such use, including the earliest date of first use in commerce as defined in TMEP §903.01, and the geographic scope of any such use.

**Response:**

Defendant does not contend use of Defendant's Marks in interstate commerce at this time, though Defendant has used Defendant's Marks extensively and continuously in intrastate commerce.

## INTERROGATORY NO. 6

Describe in detail the goods/services in connection with which Defendant has used or plans to use Defendant's Marks.

**Response:**

Defendant's business is engaged in pest control, wildlife control (trapping and removing wildlife), and exclusion services (sealing up homes from the exterior so as to not allow pests or wildlife back inside).

## INTERROGATORY NO. 7

Describe in detail the geographic areas where Defendant has used or intends to use Defendant's Marks.

**Response:**

Defendant's business operates throughout the State of Connecticut, including the counties of Fairfield, Litchfield, New Haven, Hartford, Tolland, Middlesex, New London, and Windham.

## INTERROGATORY NO. 8

State the U.S. dollar sales for each good/service in connection with which Defendant has used Defendant's Marks, by month, since the date of first use of the Defendant's Marks, as defined in TMEP §903.01.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks information which is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks disclosure of proprietary and/or confidential business information of Defendant. To the extent such information must be produced, Defendant will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c).

## INTERROGATORY NO. 9

Describe in detail the trade channels through which goods and/or services are provided under Defendant's Marks, including, if any, a detailed description of Defendant's plans to modify the trade channels or the goods and/or services in connection with which Defendant has used Defendant's Marks, including any proposed expansion of the goods and/or services.

**Response:**

Defendant advertises or has advertised on the internet, such as through social media platforms such as Facebook, Instagram, and TikTok. Defendant gains customers through word of mouth recommendations. Defendant has vehicles which are seen bearing business name. Defendant has, or is contemplating, networking through trade shows, real estate meetings, BNI groups, new home buyers groups, and similar organizations.

## INTERROGATORY NO. 10

State the average retail price for each good and/or service that has been offered or is planned to be offered by Defendant under Defendant's Marks, by year, since the date of first use of Defendant's Marks, as defined in TMEP §903.01.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks information which is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks disclosure of proprietary and/or confidential business information of Defendant. To the extent such information must be produced, Defendant will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c).

## INTERROGATORY NO. 11

Describe in detail the ways in which Defendant has promoted or plans to promote Defendant's Marks, including a statement of the U.S. dollar expenditure thus far by Defendant in promoting goods and/or services under Defendant's Marks, by calendar year since the date of first use of the mark as defined in TMEP §903.01.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks information which is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks disclosure of proprietary and/or confidential business information of Defendant. Further, Defendant objects as this interrogatory is duplicative of one or more interrogatories previously presented in this document. To the extent such information must be produced, Defendant will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c). Subject to this objection, Defendant estimates promotional expenditures at in excess of $33,000.

**INTERROGATORY NO. 12**

Describe in detail the agreements which Defendant has entered or plans to enter into relating to offering of goods and/or services in connection with Defendant's Marks or concerning ownership of Defendant's Marks.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks information which is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks disclosure of proprietary and/or confidential business information of Defendant. To the extent such information must be produced, Defendant will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c). Subject to this objection, Defendant enters or has entered into service agreements which may be weekly, bi-weekly, monthly, bi-monthly, quarterly, twice annually, annual, and other forms of recurring service plans, including multi-year warranties/guaranties.

**INTERROGATORY NO. 13**

7

Describe in detail the circumstances in which Defendant first acquired knowledge of Plaintiff or Plaintiff's Marks.

**Response:**

Defendant objects to this interrogatory. This interrogatory, by asking a question which may be inferred to apply to potential legal search results, seeks disclosure or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, through association and implication. Subject to that objection, Defendant did not hear of Plaintiff in the course of business and in any detail until receiving a cease and desist letter form Plaintiff. Immediately prior to the cease and desist letter, Defendant became aware of Plaintiff when Jim Horton mentioned being contacted by or in relation to a business under the name "Black Widow", whose work required correcting, though he stated that he immediately knew it was not related to Defendant since Defendant does not operate in New York and because the brand was said to look different from that of Defendant and the work was recognized as being of an inferior quality to that of Defendant.

**INTERROGATORY NO. 14**

Describe in detail any instances of confusion known to Defendant between Plaintiff's Marks and Defendant's Marks.

**Response:**

Defendant receive one (1) phone call and one (1) text message from one or more individuals alleged to be confused, but only **after** initiating of this lawsuit, and within a timeframe that Defendant finds highly suspicious.

8

## INTERROGATORY NO. 15

Describe in detail any instances in which Defendant received third-party communications concerning Plaintiff.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks information which is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant objects to this interrogatory as it is duplicative of one or more prior interrogatories. Subject to these objections, Defendant has only received third party communication regarding Plaintiff as already outlined in the response to Interrogatory No. 13. Jim Horton stated that he thought that Defendant was the only "black widow" for three years, and only just recently heard of Plaintiff for the first time while fixing improperly done work at a home, where said improperly done work had been done by Plaintiff.

## INTERROGATORY NO. 16

Describe in detail any objections received by Defendant to the use of Defendant's Marks.

**Response:**

Defendant has received no objections, except for Plaintiff's cease and desist letter and current legal action.

## INTERROGATORY NO. 17

Describe in detail any objections made by Defendant to the use by others of trademarks believed by Defendant to be confusingly similar to Defendant's Marks.

**Response:**

9

Defendant has never objected to such use, as Defendant has never encountered objectionable use within Connecticut, where Defendant is engaged in commerce.

## INTERROGATORY NO. 18

Identify the persons whom Defendant expects to call as witnesses in this proceeding.

**Response:**

Defendant objects to this interrogatory. Defendant objects to this question as premature. Defendant has not completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Defendant reserves the right to supplement these responses at trial. Subject to that objection, Defendant has a good faith belief that the following individuals are likely to have relevant knowledge and is currently considering:

Jim Horton

Merina Sabitucci

Michael Camilini

Robert Scribner

Russell Sieb

Drew Cowley

## INTERROGATORY NO. 19

Describe in detail any trademarks used by third parties upon which Defendant will rely in connection with this proceeding.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks disclosure or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Further, Defendant objects to this question as premature. Defendant has not completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Defendant reserves the right to supplement these responses at trial. Defendant further objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant also objects to this interrogatory because it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Subject to these objections, Defendant is aware of common law marks for Black Widow Pest Control, Inc., in Utah, in multiple embodiments, Black Widow Pest Control Inc., in Indiana, and Black Widow Exterminators, Inc. in Colorado, believed to be a senior mark holder to Plaintiff, and Black Widow Pest Management LLC of Connecticut, a former entity contemporaneous with Plaintiff from the beginning of Plaintiff's evident existence.

**INTERROGATORY NO. 20**

Describe in detail any facts that tend to support Defendant's contentions in its Answer and any Affirmative Defenses in this proceeding.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks disclosure or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Further, Defendant objects to this question as premature. Defendant has not completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Defendant reserves the right to supplement these

responses at trial. Defendant further objects because this request calls for the disclosure of attorney

work product prepared in anticipation of litigation or for trial. Defendant also objects to this

interrogatory because it requires the responding party to marshal all of its available proof or the

proof the party intends to offer at trial. Subject to these objections, Plaintiff is attempting to claim

disclaimed material from registered trademarks, which is unenforceable, and is alleging state law

violations in a state in which Plaintiff does not appear to do business, where Plaintiff is not believed

to legally be able to do business, and where Defendant has prior common law trademark rights.


**INTERROGATORY NO. 21**

Fully explain Defendant's contention that Application Serial No. 98124482 is incapable of

registration, as pled in Count One of Defendant's counterclaims.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks disclosure or information

protected under the attorney-client privilege, the work-product doctrine, or any other applicable

privilege or immunity. This interrogatory also seeks for Defendant to provide a statement of legal

fact or opinion. Further, Defendant objects to this question as premature. Defendant has not

completed discovery and has not completed trial preparation. Further discovery, legal research,

and analysis may supply additional information. Defendant reserves the right to supplement these

responses at trial. Defendant further objects because this request calls for the disclosure of attorney

work product prepared in anticipation of litigation or for trial. Defendant also objects to this

interrogatory because it requires the responding party to marshal all of its available proof or the

proof the party intends to offer at trial. Subject to these objections, Plaintiff has filed a trademark

application for a standard character mark despite a plurality of prior businesses being in existence

which preclude registration of said mark, and Plaintiff appears to have known of at least Defendant prior to filing said application.

## INTERROGATORY NO. 22

Fully explain Defendant's contention that Plaintiff has engaged in trademark infringement, unfair competition, and deceptive trade practices under Connecticut common law, as pled in Count Two of Defendant's counterclaims.

**Response:**

Defendant objects to this interrogatory. This interrogatory seeks disclosure or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. This interrogatory also seeks for Defendant to provide a statement of legal fact or opinion. Further, Defendant objects to this question as premature. Defendant has not completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Defendant reserves the right to supplement these responses at trial. Defendant further objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant also objects to this interrogatory because it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial.

## INTERROGATORY NO. 23

Identify any license or assignment agreements involving Defendant's Marks.

**Response:**

13

Defendant objects to this interrogatory as it is duplicative of one or more prior interrogatories. Subject to this objection, Defendant does not currently have any license or assignment agreements involving Defendant's Marks.

**INTERROGATORY NO. 24**

Identify the persons who participated in the preparation of the answers to the preceding Interrogatories.

**Response:**

Defendant, Blake-Joseph Black, and Counsel for Defendant, Hubert Pfabé.

Respectfully submitted,
DEFENDANT
BLACK WIDOW PEST SPECIALIST LLC

Dated: February 28, 2024

By:    /s/ Blake-Joseph Black
Blake-Joseph Black
Owner
BLACK WIDOW PEST SPECIALIST LLC

Objections By: /s/ Hubert W. Pfabe
Hubert W. Pfabe, Esq. (ct30592)
COUNSEL FOR DEFENDANT
ARMORY LEGAL GROUP PLLC
2025 Main St., #93
Cavendish, VT 05142
Tel: (860) 698-0070
hpfabe@armorylegalgroup.com
*Attorney for Defendant,*
*Black Widow Pest Specialist LLC*

14

## VERIFICATION OF INTERROGATORY ANSWERS

I, Blake-Joseph Black, am owner of BLACK WIDOW PEST SPECIALIST LLC. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2024

/s/ Blake-Joseph Black
Blake-Joseph Black
Owner
BLACK WIDOW PEST SPECIALIST LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2024, a copy of the foregoing **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 1-24** was served electronically on the following:


Jonathan A. Winter, Esq.

St. Onge Steward Johnstone & Reens LLC

986 Bedford Street

Stamford, CT 06905-5619

jwinter@ssjr.com


         /s/ Hubert W. Pfabé
         Hubert W. Pfabé, Esq.
         Armory Legal Group PLLC